### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 25-41761** |
| **SOUTHERN GOURMET KITCHEN, LLC.** | § | |
| | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | **Subchapter V** |

### DEBTOR'S MOTION FOR RATIFICATION OF PAYMENT OF
### PREPETITION WAGES, COMPENSATION, AND EMPLOYEE TAXES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Southern Gourmet Kitchen, LLC. (the "Debtor"), debtor-in-possession in the above-captioned case, and file this its *Debtor's Motion For Ratification of Payments of Prepetition Wages, Compensation, and Employee Witholding Taxes* (the "**Motion**") and would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 363 and 507, and the District Court's Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are §§ 105, 363, and 1107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II. FACTUAL AND PROCEDURAL BACKGROUND

4.      On June 19, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**").

5.      The Debtor is operating its business and managing its property as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Bankruptcy Case, and no committee has been appointed or designated.

6.      Debtor owns a restaurant business in Plano, Texas.. Debtor utilizes a combination of 23 employees to operate its business (collectively, the "**Workers**"), consisting primarily of Coooks, wait staff, bartenders and clerical workers. The owners, Sparkle and Regina Carter are non paid Members and Managers of the LLC., but they are not currently drawing a salary or other compensation. By this Motion, the Debtor is seeking ratification of payment of wages owed to its salaried and hourly employees, and the IRS Payroll taxes withheld from the employees wages,  for the two week pay period of June 2-12 and six (6) days from June 13-18, all of which were prior to the Petition Date. .

7.      Debtor's employees work and are paid on two-week cycles. Payment of compensation occurs approximately one week after the end of each two-week work cycle. In this case the work period ran from the 2nd  to the 12th of June month, and payment of compensation to the workers was made on the 24th of the month. An additional six (6) days ran from June 13-18 and was paid on July 1.  Debtor filed this case on June 19, 2025, which was three days into the first post Petition two-week work cycle, and thus the compensation which was paid on July 8 included six (6) days of pre-petition compensation.

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

2

8.      Debtor seeks rarification of payments of the full payroll amount for the period between June 2 through June 12, 2025, and the six (6) days of June 13-18, 2025 including the prepetition salary, wages, and witholding taxes (the "**Prepetition Worker Obligations**"). **Exhibit A** shows the total wages paid (including withholdings) for the period ending June 12, 2025, As reflected on Exhibit A, the Debtor has paid the June 24, 2024 payroll in the sum of $13,426.91. Exhibit B shows the total wages paid (including withholdings) for the period for the six (6) days from June 13 -18, 2025, As reflected on Exhibit B, the Debtor has paid that payroll in the sum of $5,9991.75.

9.      Neither of the prepetition amounts for which the Debtor is seeking ratification for payment to any single Worker exceeds the statutory "cap" contained in 11 U.S.C. § 507(a)(4) and (a)(5).

10.     Because not paying the Debtor's Workers their earned compensation would likely have resulted in the loss of Workers, and because maintaining Workers is critical to the ongoing operations of Debtor's business and the success of the Debtor's bankruptcy case, Debtor now files this Motion, seeking authority from the Court to have paid their employees such pre-petition compensation amounts, including wage and tax withholding obligations (the "**Prepetition Worker Obligations**") as detailed herein and in the attached Exhibits.

### III. LAW AND ARGUMENT

**A.**     **The Bankruptcy Court's Authority Under The Bankruptcy Code To Authorize Payment Of Prepetition Worker Obligations**

11.     As stated above, Debtor is seeking an Order that authorizes and ratifies the payments made to its Workers for the amounts due and owing and were earned pre-petition but were not yet paid as of the Petition Date.

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

12.    Bankruptcy Courts within the Fifth Circuit recognize that this Court has the ability to authorize the payment of such amounts.[1] In fact, the authorization of payment of such pre-petition compensation amounts is such a common occurrence that this Court's local rules recognize and address it directly.[2]

13.    As the above-cited case law recognizes, this Court's ability to authorize the payment of pre-petition compensation is grounded in several statutory provisions of the Bankruptcy Code.

14.    The starting point of such authority is § 105(a) of the Bankruptcy Code, the purpose of which is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction" and which permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" when such authority is exercised in a manner that is consistent with the rest of the provisions Bankruptcy Code.[3]

15.    The use of § 105(a) to authorize the relief sought here is consistent with the other provisions of the Bankruptcy Code for multiple reasons, including because such amounts are already entitled to priority treatment under § 507(a)(4) of the Bankruptcy Code, which gives

---

[1] See, e.g., *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015); *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re CEI Roofing, Inc.*, 315 B.R. 50, 53-57 (Bankr. N.D. Tex. 2007)(discussing the CoServ opinion and adopting its reasoning); *In re All Trac Transp., Inc.*, 306 B.R. 859, 876 (Bankr. N.D. Tex. 2004)(same).

[2] *See, e.g.*, Exhibit B to the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas.

[3] 2 COLLIER ON BANKRUPTCY ¶ 105.01; *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015)(discussing use of Section 105 in this manner) quoting *In re Oxford Mgmt., Inc.*, 4 F.3d 1329 (5th Cir. 1993).

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

priority to "wages, salaries, or commissions, including vacation, severance, and sick leave pay."[4] In addition, it is also consistent with the Bankruptcy Code because §§ 1107(a) and 1106 (which are applicable here because Debtor's case is a Chapter 11 case) provide that a debtor-in-possession (as Debtor is here) shall perform all the functions and duties required under the Bankruptcy Code, which includes "the duty to protect and preserve the estate, including an operating business's going-concern value" which, as covered herein, includes payment of the Prepetition Worker Obligations.[5] Furthermore, it is also consistent with the provisions of the Bankruptcy Code because as established by case law a debtor may make pay certain prepetition claims in the performance of the debtor's fiduciary duty to preserve the estate and the business's going-concern value.[6]

---

[4] 11 U.S.C. § 507(a)(4)(A); *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015)("courts have carved out narrow exceptions to the general rule that prepetition claims should not be paid prior to confirmation of a plan. It may be proper to pay prepetition wages entitled to priority under Section 507(a)(4) of the Bankruptcy Code, based on "the presence of a legal or factual inevitability of payment." *In re Equalnet Communications Corp.*, 258 B.R. 368 (Bankr. S.D. Tex. 2000). Section 507(a)(4)(A) of the Bankruptcy Code grants fourth priority to claims to the extent of $15,150 for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." 11 U.S.C. § 507(a)(4)(A).

[5] *In re CoServ*, 273 B.R. at 497.

[6]

See *In re CoServ*, 273 B.R. at 497 (noting that "it is only logical that the bankruptcy court be able to use section 105(a) of the Code to authorize satisfaction of a prepetition claim in aid of preservation or enhancement of the estate").

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

5

**B.      The Doctrine of Necessity Test.**

16.      In order to aid in determining whether to authorize the payment of pre-petition compensation amounts, Courts have developed the "Doctrine of Necessity" test (also known as the "Necessity of Payment Rule").[7]

17.      Generally, the Doctrine of Necessity provides that a debtor may pay prepetition obligations if such payments are critical to the debtor's reorganization, which is determined by an examination of the following three factors: (1) the debtor must deal with the claimant; (2) a failure to deal with the claimant risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim; and (3) there is no practical or legal alternative to payment of the claim.[8]

18.      In this case, all three factors are met.

19.      First, the Debtor must deal with this particular group of claimants (i.e., the Workers). As covered above, pre-petition wages are granted priority status under § 507(a)(4) and thus any successful reorganization will require paying these claimants in any event.

20.      Second, the Debtor's failure to deal with these particular claimants risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim. The reason for this is simple: at the core of any employer/employee relationship is the simple concept of "the employee works and in return the employer pays money for that work." A breach of this basic concept by the Debtor will cause a breakdown in Debtor's relationships with their Workers and will likely cause Workers to quit; workers don't stick around to work if they're not going to be paid. And as covered above, because this case involves the ongoing success of a restaurant

---

[7] *See In re Just for Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999) (developing and discussing the doctrine); *In re CoServ*, 273 B.R. at 491-93 (discussing the doctrine).

[8] *In re CoServ*, 273 B.R. at 498.

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

the risk of not paying these employees is substantial as most restaurant employees are on subsistence living, and are known to seek better working arrangements Moreover, the Debtor's inability to pay the outstanding Prepetition Worker Obligations will cause employees to endure significant stress, hardship, and suffering. The effect of this disruption in employee morale will likely cause significant disruption to run throughout the enterprise. Many employees live paycheck to paycheck and rely exclusively on receiving their full compensation to pay their daily living expenses. If Workers quit their jobs with the Debtor for failure to receive the compensation for work performed, the Debtor's ability to maintain and preserve the value of their estates may be forever lost.

21.     Third, there is no practical or legal alternative to payment of these claims. The Debtor's business cannot be run without workers, and as covered above, the concept is simple: workers work for payment, and will not work without payment. Moreover, as covered above, § 507(a) of the Bankruptcy Code provides that the Prepetition Worker Obligations are afforded priority distribution.

22.     Accordingly, because all three factors are present, payment of the Prepetition Worker Obligations is critical to the Debtors' reorganization, and the Debtor respectfully submits that the Court should authorize the payment of these pre-petition compensation amounts under the circumstances in this Bankruptcy Case.

23.     The Debtor's salaried and hourly employees are essential components of a successful reorganization. Any deterioration in employee morale and welfare at this critical time undoubtedly would have a devastating impact on the Debtor, the value of its assets and businesses, and ultimately, the Debtor's ability to reorganize. The relief sought hereby is therefore in the best interests of the Debtor's estate and creditors and will allow the Debtor to

**MOTION FOR RATIFICATION OF PAYMENTS OF PREPETITION COMPENSATION**

7

continue to operate its businesses with minimal disruption and proceed with the important task of stabilizing its operations.

24.    Finally, the Debtor withholds certain amounts from the Workers' paychecks to satisfy various payroll taxes and related withholding obligations. These funds are withheld from employee payments but are not property of the Debtor's estate. The Debtor also seeks permission from the Court to turn these withheld amounts over to the proper authorities as part of the Prepetition Worker Obligations.

**WHEREFORE, PREMISES CONSIDERED**, Southern Gourmet Kitchen, LLC.. respectfully requests that the Court authorize and ratify the payment of pre-petition compensation amounts as detailed herein, and grant the Debtor such other and further relief, both at law and in equity, to which Debtor may show itself to be justly entitled.

Dated: July 31, 2025                          Respectfully submitted,

                                              **ROBERT K. FRISCH**

                                              By: ___/s/ ROBERT K. FRISCH_____
                                              State Bar No.07480500
                                              15150 Preston Road
                                              Suite 240
                                              Dallas, TX 75248
                                              Telephone: 972-386-3940
                                              Email: Rkfrischlaw@msn.com

                                              **PROPOSED COUNSEL TO DEBTORS
                                              AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 31, 2025, he caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and by first-class U.S. Mail to the parties on the attached service list.

_/s/ Robert K. Frisch_
Robert K. Frisch

SOUTHERN GOURMET KITCHEN SERVICE LIST

Susan B. Hersh on behalf of U.S. Trustee  US Trustee
susan.hersh@usdoj.gov

Jamie  Kirk on behalf of Creditor  Texas Comptroller of Public Accounts, Revenue Accounting
Division
bk-jkirk@texasattorneygeneral.gov,  sherri.simpson@oag.texas.gov

Paul M Lopez on behalf of Creditor  COLLIN COUNTY TAX ASSESSOR/COLLECTOR
bankruptcy@abernathy-law.com

Linda  Reece on behalf of Creditor  Plano ISD
lreece@pbfcm.com

Frances A. Smith (SBRA V)
frances.smith@ross-and-smith.com,
michael.coulombe@rsbfirm.com;cfas11@trustesolutions.net

Frances A. Smith (SBRA V) on behalf of Trustee Frances A. Smith (SBRA V)
frances.smith@ross-and-smith.com,
michael.coulombe@rsbfirm.com;cfas11@trustesolutions.net

25-41761 Notice will not be electronically mailed to:
 Blue Fish Seafood Corpooration
2000 Ming Dr.
Fort Worth, TX 76134-1828

 Chef's Produce Company
1654 Terre Colony Ct.q
Dallas,, TX 75212

 Cozzini Bros., Inc.
8430 W. Bryn Mawr Ave.
Ste. 800
Chicago, IL 60631-3497

Farmers Seafood
12462.75
1192 Hawn Ave.
Shreveport, LA 71107-6610

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Itria Ventures LLC
1 Penn Plz.
Ste. 3130
New York, NY 10119-0002

Ocean Beauty
600 Powell Ave. SW
Renton, WA 98057-2247

PLS Check Cashing
300 N. Elizabeth St.
Chicago, IL 60607-1143

Peformance Food Group
12500 W. Creek Pkwy.
Richmond, VA 23238-1110

Prestonwood Park
6505 W. Park Blvd.
Plano, TX 75093

Sysco Corporation
1390 Enclave Pkwy.
Houston, TX 77077-2025

Texas Comptroller
PO Box 13528, Capitol Station
Austin, TX 78711-3528

TriMark USA, LLC
9 Hampshire St.
Mansfiled, MA 02048-1113

US Foods
9399 W. Higgins Rd.
Bldg. 100
Des Plaines, IL 60018