## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-41761 |
| SOUTHERN GOURMET KITCHEN, LLC. | § | |
| | § | |
| | | |
| | § | |
| Debtor. | § | Chapter 11 (Subchapter V) |
| | § | |

## DEBTORS' MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING RELATED RELIEF

Southern Gourmet Kitchen, LLC. (the "**Debtor**"), the debtor and debtor-in-possession in the above-styled bankruptcy case (the "**Bankruptcy Case**"), hereby files this Motion (the "**Motion**") seeking entry of an interim order, substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") followed by a final order, authorizing, among other relief, the Debtor's use of Cash Collateral (as defined below) on an interim and then final basis.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtor consents to the entry of a final order by the Court in connection with the Motion.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

3. The statutory and legal predicates for the relief requested herein are §§ 105(a), 361, 362, 363, and 364 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules

1

4001(b), 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

**A.**     **General Background**

4.     On June 19, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 Subchapter V of the Bankruptcy Code.

5.     The Debtor is operating its business and managing its property as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Bankruptcy Case, and no committee has been appointed or designated.

6.     Southern Gourmet Kitchen is a locally owned restaurant in Plano, Collin County, Texas. The Debtor was forced to file for bankruptcy protection due to a lawsuit filed by Itria Ventures, LLC. which holds a UCC1 Security Agreement filed in Collin County against all of Debtor's receivables, and collection activities by the Texas Comptroller of Public Accounts which seized funds and cash on hand to pay past due sales and liquor taxes.

**C.**     **Background Regarding Cash Collateral**

7.     On September 20,2023, the Debtor, identified as "Merchant", and Itria Ventures, identified as "Purchaser", were parties to a Receivables Sales Agreement (the Agreement) whereby Itria paid Debtor $75,000.0 to purchase $93,750.00 of Debtor's accounts receivable to fund the Debtor's operations. As of the Petition Date, the Itria lawsuit claims it is owed the sum of $63,844.00. The Agreement granted Itria a first priority secured lien on all accounts, personal property and equipment in Debtor's restaurant, and Itria has a UCC1 filed in Collin County. Itria has advised and made demand for payment of Debtor's receivables on companies which placed

orders for food and delivered to food to Debtor's customers. Those companies , hold the funds pending settlement of their accounts with Debtor.. The companies holding the Funds are Doordash, Stripe, and Grub Hub. Also Itria made demand on Debtors point of sale credit card processing Company, Toast. Itria aand Debtor were in the process of trying to settle the suit and obtain an accounting and payment of the funds being held at the time the Petition was filed. An exact accounting has not been determined, but Debtor believes those companies are holding up to $40,000.00 or more.

8.    The Texas Comptroller of Public Accounts has assessed past due Sales and Liquor taxes in the sum of $73,540.00. It has engaged in collection activities which include physically coming into the restaurant and removing all of the cash on hand. The Comptroller has not given an accounting of the cash it has taken and applied to the account.

9.    The Debtor has an immediate need to use cash generated from its operations, and the Debtor's business will be irreparably harmed if it is unable to use such cash or proceeds.  As set forth above, Itria Ventures has asserted its lien on the Debtor's assets which does include "cash collateral" as that term is defined in section 363(a) of the Bankruptcy Code.

10.    To the extent that any of the Debtor's cash is cash collateral as such term is defined in Bankruptcy Code § 363(a) (the "**Cash Collateral**"), the Debtor requires the authority to use such Cash Collateral in order to continue operations and maintain the business as a going concern. If the Debtor is not able to use any such Cash Collateral, the Debtor's business will cease immediately to the severe detriment of the Debtor's estate and the interests of all creditors. Accordingly, the Debtor has an immediate need to use the Cash Collateral and will be irreparably harmed if prevented from such use.

3

11.     The Debtor has prepared a one-month budget (as may be amended and supplemented in accordance with the procedures set forth in an order of this Court, the "**Budget**"), a copy of which is attached to the proposed Interim Order attached as **Exhibit A** to this Motion. The Budget, which is subject to revision, sets forth in detail the sources and uses of the Cash Collateral necessary to maintain the Debtor's business for the initial period of this Bankruptcy Case.

## RELIEF REQUESTED

12.     Therefore, the Debtor hereby requests the authority to use Cash Collateral, on an interim and then on final basis, in accordance with the proposed Budget, to permit the Debtor to continue operations, preserve its business, and progress toward a confirmed Subchapter V plan of reorganization.

## BASIS FOR RELIEF

13.     Section 363(c) of the Bankruptcy Code[1] provides that a debtor-in-possession may use cash collateral if all interested entities consent or the Court, after a notice and a hearing, authorizes such use. Moreover, section 363(e) requires that the use of cash collateral be prohibited or conditioned as is necessary to provide adequate protection to persons that have an interest in cash collateral. *See Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d 962, 966 (5th Cir. 1983) (citing 11 U.S.C. § 363(e)); *Tex. Comptroller of Pub. Accounts v. Zars (In re Zars)*, 434 B.R. 421, 431 (W.D. Tex. 2010) (same). Jointly, these provisions authorize a debtor-in-possession to use a secured creditor's cash collateral if the relevant creditors consent or their collateral is adequately protected.

---

[1] All section references are to the Bankruptcy Code unless otherwise indicated.

14.     The burden to demonstrate that the cash constitutes cash collateral belongs to the party claiming an interest in that cash. It is not the Debtor's burden to prove to the contrary. *See* 11 U.S.C. § 363(p)(2).

15.     While the term "adequate protection" is used in the Bankruptcy Code, no specific definition is provided. Instead, section 361 provides a non-exclusive list of what may constitute adequate protection: (1) periodic cash payments equal to the reduction of the creditor's interest in the property; (2) an additional or replacement lien on other unencumbered property of the debtor; or (3) other relief that will provide the indubitable equivalent of the creditor's interest in the property. *See United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986).

16.     The continued operation of the Debtor's business is the only way to preserve and maintain the going concern and enterprise value in the Bankruptcy Case.  If the Debtor is not allowed to use the Cash Collateral, its business collapse and the Debtor will be forced into liquidation, which would clearly diminish the return for all creditors.  Here, the Debtor is proposing to use the Cash Collateral in accordance with the terms of the Budget. The essential terms of the proposed use of Cash Collateral are as follows:

   a.     Pay wages to employees, including a reasonable salary for management;

   b.     Pay fixed operating expenses, including lease payments, relating the real property occupied by the Debtor;

   c.     Pay trade vendors and utility providers; and

   d.     Pay certain professional fees and expenses during the course of the Bankruptcy Cases.

17.     Pursuant to Bankruptcy Rule 4001(b), courts may authorize a debtor's use of cash collateral if doing so would "avoid immediate and irreparable hardship to the

estate pending a final hearing." Here, the Debtor requires immediate access to the Cash Collateral for the reasons set forth herein and to avoid such immediate and irreparable hardship to the Debtor's estate.

18. The Debtor acknowledges that secured parties, to the extent such parties have valid and enforceable liens on the Cash Collateral, are entitled to adequate protection of such interests. To that end, the Debtor hereby proposes the following as such "**Adequate Protection**":

A. Any creditor holding an alleged pre-petition lien on the Debtor's cash will be granted a replacement lien (the "**Replacement Lien**"), pursuant to section 361(2) of the Bankruptcy Code. Such Replacement Lien shall be in all cash the Debtos acquires or generates after the Petition Date, but solely to the extent the Cash Collateral is used. Moreover, the Replacement Lien shall be to the same extent and priority as existed prior to the Petition Date, and subject to determination by the Court as to whether, pursuant to applicable law, any such creditor holds a fully perfected, valid, and enforceable pre-petition lien on cash;

B. Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the proceeds of the recovery upon such actions;

C. Except for post-petition cash generated from operations, Replacement Liens will not attach to any unencumbered property of the Debtor, if any, or to the proceeds from any sale of unencumbered property, and the proceeds from any sale of unencumbered property shall be deposited into a separate unencumbered account and, absent further order of the Court, shall not be subject to Replacement Liens;

D. The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on section 506(c);

E. Subject to the limiting conditions on the Replacement Liens, the Replacement Liens will be binding on any subsequent appointed Chapter 11 or Chapter 7 trustee;

F.   The cash will be used by the Debtor to continue its operations and will maintain the going concern value of the aggregate of any creditor's collateral. The use of cash will be regulated by the Budget to assure that appropriate operating expenses are being paid and that no inappropriate expense is paid; and

G.   The Debtor intends to seek a provision in the final Cash Collateral Order providing a carve-out for approved estate professionals including, without limitation, Debtor's counsel and financial advisor and the Subchapter V trustee.

19.   The Debtor also requests that it be authorized: (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

20.   The Debtor believes that the terms of the proposed Interim Order are fair and reasonable under the circumstances. The Debtor asserts that the aggregate value of any secured creditor's cash collateral will not diminish as a result of the use of cash in this case, and any alleged secured party is adequately protected by the continued going concern value of the Debtor's business, and the fact that it has already captured the receivables held by the third parties as described herein. Continued use of Cash Collateral in accordance with the terms herein will allow the Debtor to continue operating and preserve value, while providing time for parties to assert their lien rights and, if necessary, for the Debtor to contest the validity and/or priority of secured claims or liens.

21.   Given that the interests of any creditor with an interest in the Cash Collateral will be adequately protected, it is in the best interest of the Debtor, its estate,

7

and its creditors to be able to continue operations and for the Debtor to be authorized to use Cash Collateral, even without consent.

WHEREFORE, the Debtor respectfully requests that this Court enter the Interim Order (a) authorizing the Debtor to use the Cash Collateral in accordance with the Budget; (b) granting Replacement Liens in accordance with the terms set forth herein; (c) scheduling a final hearing on the Motion on or before September 1, 2025 or otherwise prior to the expiration of the Budget approved on an interim basis; and (d) grant such other and further relief as is just and proper.

Dated: August 6, 2025

Respectfully submitted,

/s /Robert K. Frisch//_____
**Robert K. Frisch**
State Bar # 07480500
15150 Preston Road
Suite 240
Dallas, Texas 75248
(972) 386-3940
rkfrischlaw@msn.com

**PROPOSED COUNSEL TO THE
DEBTOR**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 6, 2025, he caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas and by first-class U.S. Mail to the parties on the attached service list.

<u>/s/ Robert K. Frisch//</u>_____

## EXHIBIT A

## PROPOSED ORDER

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 25-41761 |
| | § | |
| SOUTHERN GOURMET | § | Chapter 11 |
| KITCHEN, LLC. | § | |
| | § | Subchapter V |
| Debtor. | § | |
| | § | |

### INTERIM ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO USE COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**") for the entry of an order (this "**Interim Order**") authorizing the interim use of Cash Collateral; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances for the relief requested; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion (Dkt. No. 6).

parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to use Cash Collateral in which any alleged secured creditors may have an interest, in accordance with the Budget attached to this Final Order as **Exhibit 1**.

3. Any creditor with an alleged security interest in the Debtor's Cash Collateral as of the Petition Date is granted a Replacement Lien pursuant to section 361(2) of the Bankruptcy Code, solely to the extent the Cash Collateral is used, in all cash or cash collateral the Debtor acquires or generates after the Petition Date, but solely to the same extent and priority as existed pre-petition and subject to a determination by the Court that any applicable creditor held a valid, fully perfected, enforceable, pre-petition lien on Cash Collateral as of the Petition Date (such creditors holding a valid, fully perfected, and enforceable pre-petition lien on Cash Collateral, the "Secured Creditors").

4. The Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the proceeds of the recovery upon such actions.

5. The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on Bankruptcy Code section 506(c).

6. Subject to the limiting conditions on the Replacement Liens, the Replacement Liens shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 trustee.

7.      The Debtor is authorized: (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

8.      The Debtor may not amend or modify the terms and conditions of its use of the Cash Collateral, or amend, modify, roll-forward, or replace the Budget absent further order of this Court.

9.      The Secured Creditors are hereby granted an administrative claim with a priority equivalent to a claim under Bankruptcy Code sections 503(b), and 507(b), on a dollar-for-dollar basis for and solely to the extent of any diminution in value of the Cash Collateral, which administrative claim shall, among other things, have priority over all other costs and expenses, except for reasonable compensation and expenses of the Debtor's professionals and the Subchapter V Trustee approved by order of the Court.

10.     This Final Order is not and shall not be construed as determinative as to whether any Secured Creditor has a valid lien on any property of the Debtor or its estate and is not and shall not be construed as determinative as to the extent, priority, or amount of any secured claim associated with such lien.

11.     This Interim Order is without prejudice to the Debtor or any other party's right to challenge the extent, validity, or priority of any lien or claim of any alleged Secured Creditor, and it is likewise without prejudice to the right of any such Secured Creditor to seek additional adequate protection or other relief concerning cash collateral by subsequent motion or relief from the automatic stay.

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**                                    **PAGE 3**

12.     The Debtor shall not pledge, grant, or permit a security interest superior to that of Secured Creditors in any pre-petition collateral or the collateral subject to the security interests or liens granted herein, unless ordered by the Court.

13.     Any provisions of a Final Order on the uise of cash collateral shall not affect any of the interim protections afforded to the Secured Creditors in this Interim Order.

14.     Except as expressly amended hereby, this Interim Order shall not affect any of the contracts or other related documents between the Debtor and any Secured Creditor, which contracts and related documents shall remain in full force and effect.

15.     The parties reserve all rights that may be available to them under the Bankruptcy Code, the laws of any state and equity. Nothing herein shall be construed to constitute a waiver or release of any right, whether known or unknown.

16.     The protections provided herein to the Secured Creditors are hereby deemed, on an interim basis, to constitute adequate protection of such Secured Creditors' interests in the Cash Collateral. The relief granted in this Interim Order is without prejudice to the rights of parties in interest at a final hearing.

17.     Any amendment, modification, supplement or waiver of any provision in this Final Order shall be in writing and must be approved by the Court on appropriate notice by the Debtor.

18.     The authorization for use of Cash Collateral under this Interim Order shall be in effect from and after the date of this Order, subject to being renewed or extended by order of the Court after notice and hearing.

19.     The Debtor shall serve this Interim Order on all parties required under Bankruptcy Rule 4001(d)(1)(C) and file a certificate of service with the Court.

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

**PAGE 4**

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

### # # # END OF ORDER # # #

Prepared and submitted by:

/s/ Robert K. Frisch
Robert K. Frisch
State Bar No. 07480500
15150 Preston Road
Suite 240
Dallas, TX 75248
Telephone: 972-386-3940
Email: rkfrischlaw@msn.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION**

# EXHIBIT 1

## BUDGET

## Southern Gourmet Kitchen

## Monthly Profit & Loss Statement

**Revenue**

Total Monthly Sales: $74,000.00

**Expenses**

Atmos Energy (Gas): $964.87

Gexa Energy (Electric): $1,900.63

Rent: $10,972.07

Liquor Inventory: $2,400.00

Food Inventory: $17,300.00

Payroll: $33,000.00

Alsco: $1,000.00

Auto Chlor: $450.00

Cozin Bros: $51.53

Easy Ice: $225.00

**Total Expenses: $68,264.10**

**Net Profit: $5,735.90**

Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 25-41761 |
| | § | |
| SOUTHERN GOURMET | § | Chapter 11 |
| KITCHEN, LLC. | § | |
| | § | |
| | § | Subchapter V |
| Debtor. | § | |
| | § | |

### INTERIM ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO USE COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**") for the entry of an order (this "**Interim Order**") authorizing the interim use of Cash Collateral; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances for the relief requested; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion (Dkt. No. 6).

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**                    **PAGE 1**

parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtor is authorized to use Cash Collateral in which any alleged secured creditors may have an interest, in accordance with the Budget attached to this Final Order as **Exhibit 1**.

3.      Any creditor with an alleged security interest in the Debtor's Cash Collateral as of the Petition Date is granted a Replacement Lien pursuant to section 361(2) of the Bankruptcy Code, solely to the extent the Cash Collateral is used, in all cash or cash collateral the Debtor acquires or generates after the Petition Date, but solely to the same extent and priority as existed pre-petition and subject to a determination by the Court that any applicable creditor held a valid, fully perfected, enforceable, pre-petition lien on Cash Collateral as of the Petition Date (such creditors holding a valid, fully perfected, and enforceable pre-petition lien on Cash Collateral, the "**Secured Creditors**").

4.      The Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtor or the proceeds of the recovery upon such actions.

5.      The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on Bankruptcy Code section 506(c).

6.      Subject to the limiting conditions on the Replacement Liens, the Replacement Liens shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 trustee.

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

**PAGE 2**

7.      The Debtor is authorized: (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

8.      The Debtor may not amend or modify the terms and conditions of its use of the Cash Collateral, or amend, modify, roll-forward, or replace the Budget absent further order of this Court.

9.      The Secured Creditors are hereby granted an administrative claim with a priority equivalent to a claim under Bankruptcy Code sections 503(b), and 507(b), on a dollar-for-dollar basis for and solely to the extent of any diminution in value of the Cash Collateral, which administrative claim shall, among other things, have priority over all other costs and expenses, except for reasonable compensation and expenses of the Debtor's professionals and the Subchapter V Trustee approved by order of the Court.

10.     This Final Order is not and shall not be construed as determinative as to whether any Secured Creditor has a valid lien on any property of the Debtor or its estate and is not and shall not be construed as determinative as to the extent, priority, or amount of any secured claim associated with such lien.

11.     This Interim Order is without prejudice to the Debtor or any other party's right to challenge the extent, validity, or priority of any lien or claim of any alleged Secured Creditor, and it is likewise without prejudice to the right of any such Secured Creditor to seek additional adequate protection or other relief concerning cash collateral by subsequent motion or relief from the automatic stay.

12. The Debtor shall not pledge, grant, or permit a security interest superior to that of Secured Creditors in any pre-petition collateral or the collateral subject to the security interests or liens granted herein, unless ordered by the Court.

13. Any provisions of a Final Order on the uise of cash collateral shall not affect any of the interim protections afforded to the Secured Creditors in this Interim Order.

14. Except as expressly amended hereby, this Interim Order shall not affect any of the contracts or other related documents between the Debtor and any Secured Creditor, which contracts and related documents shall remain in full force and effect.

15. The parties reserve all rights that may be available to them under the Bankruptcy Code, the laws of any state and equity. Nothing herein shall be construed to constitute a waiver or release of any right, whether known or unknown.

16. The protections provided herein to the Secured Creditors are hereby deemed, on an interim basis, to constitute adequate protection of such Secured Creditors' interests in the Cash Collateral. The relief granted in this Interim Order is without prejudice to the rights of parties in interest at a final hearing.

17. Any amendment, modification, supplement or waiver of any provision in this Final Order shall be in writing and must be approved by the Court on appropriate notice by the Debtor.

18. The authorization for use of Cash Collateral under this Interim Order shall be in effect from and after the date of this Order, subject to being renewed or extended by order of the Court after notice and hearing.

19. The Debtor shall serve this Interim Order on all parties required under Bankruptcy Rule 4001(d)(1)(C) and file a certificate of service with the Court.

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL                                    PAGE 4

20.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

### # # # END OF ORDER # # #

Prepared and submitted by:

*/s/ Robert K. Frisch*
Robert K. Frisch
State Bar No. 07480500
15150 Preston Road
Suite 240
Dallas, TX 75248
Telephone: 972-386-3940
Email: rkfrischlaw@msn.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION**

## EXHIBIT 1

## BUDGET

## Southern Gourmet Kitchen

## Monthly Profit & Loss Statement

**Revenue**

Total Monthly Sales: $74,000.00

**Expenses**

Atmos Energy (Gas): $964.87

Gexa Energy (Electric): $1,900.63

Rent: $10,972.07

Liquor Inventory: $2,400.00

Food Inventory: $17,300.00

Payroll: $33,000.00

Alsco: $1,000.00

Auto Chlor: $450.00

Cozin Bros: $51.53

Easy Ice: $225.00

**Total Expenses: $68,264.10**

**Net Profit: $5,735.90**

Exhibit 1

SOUTHERN GOURMET KITCHEN SERVICE LIST

Susan B. Hersh on behalf of U.S. Trustee   US Trustee
susan.hersh@usdoj.gov

Jamie  Kirk on behalf of Creditor   Texas Comptroller of Public Accounts, Revenue Accounting
Division
bk-jkirk@texasattorneygeneral.gov,  sherri.simpson@oag.texas.gov

Paul M Lopez on behalf of Creditor   COLLIN COUNTY TAX ASSESSOR/COLLECTOR
bankruptcy@abernathy-law.com

Linda  Reece on behalf of Creditor   Plano ISD
lreece@pbfcm.com

Frances A. Smith (SBRA V)
frances.smith@ross-and-smith.com,
michael.coulombe@rsbfirm.com;cfas11@trustesolutions.net

Frances A. Smith (SBRA V) on behalf of Trustee Frances A. Smith (SBRA V)
frances.smith@ross-and-smith.com,
michael.coulombe@rsbfirm.com;cfas11@trustesolutions.net

25-41761 Notice will not be electronically mailed to:
 Blue Fish Seafood Corpooration
2000 Ming Dr.
Fort Worth, TX 76134-1828

 Chef's Produce Company
1654 Terre Colony Ct.q
Dallas,, TX 75212

 Cozzini Bros., Inc.
8430 W. Bryn Mawr Ave.
Ste. 800
Chicago, IL 60631-3497

Farmers' Seafood
12462.75
1192 Hawn Ave.
Shreveport, LA 71107-6610

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Itria Ventures LLC
1 Penn Plz.
Ste. 3130
New York, NY 10119-0002

Ocean Beauty
600 Powell Ave. SW
Renton, WA 98057-2247

PLS Check Cashing
300 N. Elizabeth St.
Chicago, IL 60607-1143

Peformance Food Group
12500 W. Creek Pkwy.
Richmond, VA 23238-1110

Prestonwood Park
6505 W. Park Blvd.
Plano, TX 75093

Sysco Corporation
1390 Enclave Pkwy.
Houston, TX 77077-2025

Texas Comptroller
PO Box 13528, Capitol Station
Austin, TX 78711-3528

TriMark USA, LLC
9 Hampshire St.
Mansfiled, MA 02048-1113

US Foods
9399 W. Higgins Rd.
Bldg. 100
Des Plaines, IL 60018