## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SOUTHERN GOURMET** | § | **Case No. 25-41761-11** |
| **KITCHEN, LLC** | § | |
| | § | |
| **Debtor.** | | |

## ORDER CONFIRMING SOUTHERN GOURMET KITCHEN, LLC, <u>AMENDED SMALL BUSINESS CHAPTER 11 PLAN OF REORGANIZATION</u>

On September 19, 2025, Debtor, Southern Gourmet Kitchen, LLC (the "**Debtor**"), filed its *Small Business Chapter 11 Plan of Reorganization* (the "**Plan**") [Docket No. 43]. On September 22, 2025, the Court entered its *Order Setting Hearing on Confirmation of Plan of Southern Gourmet Kitchen, LLC and Related Deadlines, With Notice Thereof* (the "**Order Setting Confirmation Hearing**") [Docket No. 44]. The Order Setting Confirmation Hearing established deadlines for soliciting the Plan, voting on the Plan, objecting to confirmation of the Plan, and scheduled an evidentiary hearing on confirmation of the Plan for November 4, 2025 (the "**Confirmation Hearing**"). On October 24, Debtor filed its *Amended Small Business Chapter 11 Plan of Reorganization.* [Docket No.58] Also, on October 24, 2025, the Debtor provided to the U.S. Trustee's Office, the Subchapter V Trustee, creditors, and parties-in-interest a copy of the Amended Plan, the Order Setting Confirmation Hearing, and a ballot for accepting or rejecting the Amended Plan. [Docket No. 59]. On November 3, 2025, the Debtor filed its *Ballot Summary of Amended Plan of Reorganization For Debtor, Southern Gourmet Kitchen, LLC* (the "**Ballot Summary**") reflecting the votes received in connection with the Plan [Docket No. 60].

On November 4,2025 the Confirmation hearing was held. At the Confirmation Hearing, the Court considered the testimony of Sparkle Carter, the Managing Member of the Debtor, the presentation, representations, and arguments of counsel for the Debtor, and the comments and recommendations of the Subchapter V Trustee. Additionally, the Court admitted various exhibits, including but not limited to the, the cash flows, and the Ballot Summary.

Based on the Court's review and consideration of: (i) the Amended Plan; (ii) the Ballot Summary; (iii) the exhibits and testimony admitted at the Confirmation Hearing; (iv) the arguments of counsel; and (v) the record before it, the Court makes the following Findings of Fact and Conclusions of Law and enters this Order Confirming the Debtor's Plan:

## I. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      **Findings and Conclusions.**  The findings and conclusions of the Court set forth in the record at the Confirmation Hearing, if any, are incorporated as if set forth herein.

2.      **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the above captioned Chapter 11 bankruptcy case (the "**Bankruptcy Case**") pursuant to 28 U.S.C. § 1334.

An Order approving the confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Bankruptcy Court has jurisdiction to enter a Final Order on the requested relief.  The Debtor is eligible for relief under Subchapter V of the Bankruptcy Code. Venue of the Bankruptcy Case and Plan is proper in the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. §§ 1408 and 1409..

**<u>Compliance with Procedural Requirements.</u>**

3.        **Service of Solicitation Materials and Related Information.**    As evidenced by the Certificates of Service filed by counsel for the Debtor [Docket Nos. 59 and 60], Debtor served all appropriate pleadings, notices, ballots, and other documents in accordance with the Order Setting Confirmation Hearing and Bankruptcy Rule 2002.  The Debtor timely and properly served the following: (i) the Plan and the Amended Plan; (ii) the Order Setting Confirmation Hearing; (iii) voting ballot; (iv) a cover letter notifying creditors of certain information; and (v) a self-addressed return envelope, if applicable (collectively, the "**Solicitation Package**"). Adequate and sufficient notice of the Solicitation Package has been given in accordance with Bankruptcy Rules 2002(b), 3019 and 3020, applicable local rules, and no further notice is required.

**Compliance with Confirmation Standards under §§ 1129, 1191, and Subchapter V of the Bankruptcy Code.**

4.        **The Debtor has Satisfied Its Burden of Proof.**  A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence. Here, the Debtor has satisfied its burden of proof with respect to confirmation of the Plan. As set forth in detail below, the Plan fully complies with the applicable provisions of §§ 1129, 1191, and Subchapter V of Chapter 11 of the Bankruptcy Code.

5.        **Compliance with 11 U.S.C. § 1122 – Classification of Claims and Equity Interests.**  In addition to Administrative Claims, Priority Tax Claims and United States Trustee fees, which need not be classified, the Plan classifies Claims and Equity Interests as follows:

| Class | Impaired/Unimpaired |
|---|---|
| Class 1:    Secured Tax Claims of the  Plano Independent School District and Collin County Central Appraisal District | Unimpaired |

| Class 2: Secured Claims of Itria Ventures, LLC and Prestonwood Properties, LLC | Impaired |
|---|---|
| Class 3: General Unsecured Creditors | Impaired |
| Class 4: Equity Interest Holders | Unimpaired |

6. The Court finds that valid business, legal, and factual reasons exist for the separate classification of each of the classes of Claims and Equity Interests provided in the Plan, and that there is no unfair or inequitable discrimination between or among the holders of Claims and Equity Interests. All Claims and Equity Interests within each class under the Plan are substantially similar and are afforded equal and reasonable treatment, other than to the extent that the claimant has agreed otherwise. Accordingly, the classification of Claims and Equity Interests under the Plan satisfies the requirements of § 1122 of the Bankruptcy Code.

7. **Compliance with 11 U.S.C. § § 1123(a)(1)-(7) and 1190 – Mandatory Contents of Plan.** In accordance with § 1123(a) of the Bankruptcy Code, the Plan: (1) designates classes of Claims and Equity Interests, other than Claims of a kind specified in Bankruptcy Code §§ 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies any class of Claims and Equity Interests not impaired under the Plan; (3) specifies the treatment of classes of Claims and Equity Interests that are impaired under the Plan; (4) provides the same treatment for each Claim or Equity Interest of a particular class, unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment of their Claim or Equity Interest classified thereunder; (5) provides adequate means for the Plan's implementation by (i) the continuation of the Debtor's business operations; (ii) provisions for the payment of all Allowed Claims under the Plan; (iii) provisions for implementation of the Plan; and (iv) general authority for the Debtor to take all actions necessary or appropriate to effect any

transaction necessary or appropriate to effectuate the Plan; (6) does not involve or include

the issuance of non-voting equity securities within the meaning of Bankruptcy Code

§ 1123(a)(6), including with respect to any equity security of a corporate Debtor or

Reorganized Debtor; and (7) contains only provisions that are consistent with the interests

of holders of Claims and Equity Interests and with public policy with respect to the

reinstatement of current management, including any officers and directors, as directors of

the Reorganized Debtor.   In addition, the Plan complies with 11 U.S.C. § 1190 by including

a brief history of the Debtor, a liquidation analysis, and projections regarding the Debtor's

ability to satisfy Plan payments.   Therefore, the Plan satisfies the requirements of

Bankruptcy Code §§ 1123(a) and 1190.

8.      **Compliance with 11 U.S.C. § 1123(b) – Permissible contents of Plan.**

Consistent with § 1123(b) of the Bankruptcy Code, the Plan's provisions are appropriate and

not inconsistent with the applicable provisions of the Bankruptcy Code, including provisions

for: (i) the assumption or rejection and treatment of executory contracts and unexpired leases

and corresponding Claims; (ii) the sale of substantially all of the assets of the estate of the

Debtors; and (iii) treatment of the rights of holders of Claims and Equity Interests.   The

relief provided in the Plan is fair, equitable and necessary for the orderly implementation of

the Plan and the administration of the Estate.   Therefore, the Plan satisfies the requirements

of Bankruptcy Code § 1123(b).

9.      **Compliance with 11 U.S.C. § 1126 – Acceptance of Plan.**   Debtor filed the Ballot

Summary attesting and certifying the results of ballot tabulation for classes of Claims

entitled to vote on the Plan.   As indicated in the Ballot Summary, the impaired classes of

Class 2 and  Class 3 voted to accept the Plan. The Court finds that votes for acceptance or

rejection of the Plan were solicited in good faith and in compliance with § 1126 of the Bankruptcy Code, the Order Setting Confirmation Hearing, Bankruptcy Rules 3018 and 3019, other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

10.   **Compliance with Confirmation Requirements of 11 U.S.C. § 1129(a).** With respect to compliance with the requirements of § 1129 of the Bankruptcy Code, the Court finds as follows:

(a)   <u>11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.

(b)   <u>11 U.S.C. § 1129(a)(2)</u>.  Debtor, as a proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.  The Debtor is a proper debtor under Bankruptcy Code § 1182.  The Plan is in compliance with the sections applicable under Subchapter V as to § 1189 (who may file a plan), § 1122 (classification of claims or interests), §§ 1128, 1129, and 1191 (confirmation of plan) and the Bankruptcy Rules.  The Debtor complied with the Code as to the transmission of ballots and all related documents and notices, and in soliciting and tabulating votes on the Plan.

(c)   <u>11 U.S.C. § 1129(a)(3)</u>.  Debtor, its advisors, attorneys, and agents have proposed the Plan in good faith and not by any means forbidden by law.  The treatment of holders of Claims and Equity Interests contemplated by the Plan was negotiated at arms' length, without collusion, and in good faith.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the

totality of the circumstances surrounding the formulation of the Plan, and the solicitation of votes to accept or reject the Plan.

(d)      11 U.S.C. § 1129(a)(4).  All payments and distributions made or to be made by the Debtor and all payment terms set forth in the Plan for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by, or are subject to approval of, this Court as reasonable, unless otherwise ordered by this Court.

(e)      11 U.S.C. § 1129(a)(5).  The Plan provides for the current Members and Managers of the Debtor to continue to serve as the officers of the Debtor.  The persons that must be identified pursuant to § 1129(a)(5) of the Bankruptcy Code have been identified in the Plan, consistent with the interests of Claim and Equity Interest holders and with public policy.

(f)      11 U.S.C. § 1129(a)(6).  The Debtor is not subject to any governmental regulation of any rates and, therefore, § 1129(a)(6) is inapplicable and, thus, satisfied.

(g)      11 U.S.C. § 1129(a)(7).  The liquidation analysis included in the Plan and the other evidence related thereto in support of the Plan that was proffered or adduced at or prior to the Confirmation Hearing are reasonable, persuasive, credible and establish that each holder of an impaired Claim or Equity Interest against the Debtor either has accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the

Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7.

(h)  <u>11 U.S.C. § 1129(a)(8)</u>.  Classes 2 through 3 of the Plan are impaired and entitled to vote. Classes 2 and 3 voted to accept the Plan. Based on the tabulation of ballots submitted to the Debtor on the Plan, all classes of impaired Claims voted to accept the Plan. Therefore, the Debtor has satisfied § 1129(a)(8).

(i)  <u>11 U.S.C. § 1129(a)(9)</u>.  The Plan's treatment of Claims of a kind specified in Bankruptcy Code § 507(a)(1) through (8) satisfies the requirements set forth in § 1129(a)(9) of the Bankruptcy Code.

(j)  <u>11 U.S.C. § 1129(a)(10)</u>. The Plan satisfies the requirements of § 1129(a)(10) of the Bankruptcy Code.  As evidenced by the Ballot Summary impaired Classes 2 and 3 have voted to accept the Plan in accordance with §1126 of the Bankruptcy Code. None of the creditors in Classes 2 and 3 are insiders of the Debtor. The Debtor has satisfied the requirements of § 1129(a)(10) of the Bankruptcy Code.

(k)  <u>11 U.S.C. § 1129(a)(11)</u>.  The Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.  The Plan provides for the continued operations of the Debtor and for the Debtor to make payments on allowed claims as provided in the Plan.  The Debtor's cash flows admitted into evidence demonstrate the Debtor will be able to make its Plan payments. The Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation (unless provided for by the Plan), or the need for further financial reorganization of the Debtor or the Reorganized

Debtor or any successor thereto under the Plan; and establish that the Reorganized

Debtor will have sufficient funds available to meet its obligations under the Plan.

(l)      Therefore, confirmation of the Plan is not likely to be followed by the need

 for further reorganization of the Debtor.

(m)      11 U.S.C. § 1129(a)(12).  The Debtor has paid or will pay on the

Effective Date, or upon their approval by the Court, all Chapter 11 statutory and

operating fees, if applicable, including Subchapter V Trustee fees required to be paid

under Subchapter V during this Bankruptcy Case and will file all required fee

statements.

(n)      11 U.S.C. § 1129(a)(13).  The Debtor does not have or maintain a

pension plan or "retiree benefits" plan as that term is defined in § 1129(a)(13) of the

Bankruptcy Code and, therefore, § 1129(a)(13) of the Bankruptcy Code is

inapplicable.

(o)      11 U.S.C. § 1129(a)(14) – (16).  The provisions of §§ 1129(a)(14),

(a)(15), and (a)(16) of the Bankruptcy Code are not applicable to the Debtor's

Bankruptcy Case.  The Debtor (a) is not required by a judicial or administrative

order, or by statute, to pay a domestic support obligation, (b) is not an individual,

and (c) is a moneyed business or commercial corporation.

11.    **Compliance with 11 U.S.C. § 1191(a).**  The Court finds that all applicable

requirements of § 1129(a), other than paragraph (15), have been satisfied. Therefore, the Court

finds that the Plan can be confirmed pursuant to § 1191(a).

12. **Compliance with 11 U.S.C. § 1129(c).** The Bankruptcy Case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

13. **Compliance with 11 U.S.C. § 1129(d).** The Court finds that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

14. **Not Small Business Case 11 U.S.C. § 1129(e).** The Bankruptcy Case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

15. **Satisfaction of Confirmation Requirements.** Based upon the foregoing, all other pleadings, documents, and exhibits filed in connection with confirmation of the Plan, and all evidence and arguments made, proffered, admitted, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in §§ 1129(a) and 1191(a) of the Bankruptcy Code.

16. **Executory Contracts and Unexpired Leases.** The Debtor has exercised sound business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases pursuant to §§ 365 and 1123(b)(2) of the Bankruptcy Code, and the Plan. Each assumption of an executory contract or unexpired lease pursuant to the Plan, shall be legal, valid, and binding upon the Debtor or Reorganized Debtor and its successors and assigns and all non-Debtor parties and their successors and assigns to such executory contract or unexpired lease, all to the same extent as if such assumption were effectuated pursuant to an order of the Court under Bankruptcy Code § 365 entered before entry of this Confirmation Order. The Debtor has cured, or provided adequate assurance that the Debtor or their successors and assigns, as applicable, will cure defaults (if any) under or relating to each of the executory contracts and unexpired leases that are being assumed by the Debtor pursuant to the Plan.

**BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

17.    **Findings of Fact and Conclusions of Law.**  The above-referenced findings of fact and conclusions of law are hereby incorporated herein by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable through Bankruptcy Rule 9014.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

18.    **Confirmation of the Plan.**  The Plan proposed herein is hereby confirmed pursuant to 11 U.S.C. § 1191(a).  The documents contained in or contemplated by the Plan, are authorized and approved.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

19.    **Objections.**  All objections to Confirmation of the Plan and other responses, comments, statements, or reservations of rights, if any, in opposition to the Plan have been withdrawn, waived, or otherwise resolved by the Debtor prior to entry of this Confirmation Order. To the extent any objections, reservations of rights, statements, or joinders to confirmation have not been resolved, withdrawn, waived, or settled prior to entry of this

Confirmation Order or otherwise resolved herein or as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits based on the record before this Court.

20.    **Effective Date.**  The Effective Date of the Plan is the day that is the first business day after the thirtieth (30th) day following the date when the Confirmation Order becomes a final, non-appealable order.  If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the day after the date on which the stay expires or is otherwise terminated. These are calculated as provided in Fed. R. Bankr. P. 9006(a)(1).

21.  **Amendments to the Plan.**  As announced on the record, the Plan is amended as follows:

The Plan adds the following provisions regarding the treatment and payment of the Texas Comptroller Priority Tax Claim (Claim No. 5)

Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller of Public Accounts (the "Comptroller") reserves the following rights: (1) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (2) any rights to pursue any non-debtor third parties for tax debts or claims; (3) to the extent that interest is payable with respect to any administrative expense, priority, or secured tax claim of the Comptroller, the statutory rate of interest pursuant to TEXAS TAX CODE 111.060, currently 8.5% per annum, applies; (4) the Comptroller is not required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D); (5) the Comptroller opts out of any third party releases, (6) nothing provided in the Plan or Confirmation Order impacts the governmental claims bar date, and (7) the Comptroller may amend its claims at any point.

Priority Claim 5 – Texas Comptroller of Public Accounts. The Comptroller's Priority Tax Claim totaling $36,586.99 shall accrue interest at the statutory rate of interest, currently at 8.50% per annum, from the Plan's Effective Date until paid in full. The Comptroller's Priority Tax Claims shall be paid in equal monthly installments of principal and interest no later than sixty months from the Debtor's bankruptcy petition date or as otherwise agreed to by the Comptroller. Equal monthly installments of principal and interest at 8.50% per annum are to be paid beginning the first calendar day of the month after the date of confirmation and continue until paid in full via payments of $814.62 per month for a total of 54 monthly payments, ending sixty months from the Petition Date.

A failure by the Debtor to make a plan payment to the Comptroller shall be an Event of Default. If the Debtor fails to cure an Event of Default as to an agency of the State of Texas within five (5) days after service of a written notice of default in the manner set forth in the Plan, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court. The Debtor may receive up to three (3) notices of default, however, the third default cannot be cured.

(b)  All other provisions of the Plan remain in effect.

22.    **Plan Implementation.**

(a)      In accordance with § 1142 of the Bankruptcy Code, without further action by the
Court or the equity holders, managers, officers, or directors of the Debtor, and its representatives,
attorneys, professionals, and agents are authorized to: (i) take any and all actions necessary or
appropriate to implement, effectuate and consummate the Plan and this Confirmation Order, and
the transactions contemplated thereby or hereby, and (ii) execute and deliver, adopt or amend, as
the case may be, any contracts, instruments, agreements, and documents necessary to implement,
effectuate and consummate the Plan.

(b)      Except as set forth in the Plan, all actions authorized to be taken pursuant to the
Plan, including:  (i) the assumption or rejection, as appropriate, of any executory contracts and
unexpired leases, and (ii) entry into any contracts, instruments, agreements, and documents
necessary to implement, effectuate, and consummate the Plan, shall be effective prior to, on, or
after the Effective Date pursuant to this Order, without further notice, application to, or order of
this Court, or further action by the respective managers, officers, directors, members, or equity
holders of the Debtor.

(c)      To the extent that, under applicable non-bankruptcy law, any of the foregoing
actions would otherwise require the consent or approval of the equity holders, members, managers,
or directors of the Debtor, this Confirmation Order shall, pursuant to § 1142 of the Bankruptcy
Code, constitute such consent or approval, and such actions are deemed to have been taken by
unanimous action of the directors, managers, members, and equity holders of the appropriate
Debtor, as applicable.

23.    **No Action Required**.  No action of the respective equity holders, managers,  or members of the Debtor is required to authorize the Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, and any transaction, contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

24.    **Effectiveness of All Actions.**  All actions contemplated by the Plan are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtor and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or equity holders.

25.    **Binding Effect.**  Pursuant to § 1141 of the Bankruptcy Code, on the date of and after entry of this Confirmation Order, subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or otherwise, this Confirmation Order and the Plan and each of its provisions shall be binding upon and inure to the benefit of:  (i) the Debtors; (ii) all persons acquiring or receiving property or a distribution under the Plan; (iii) any present or future holder of a Claim against or Equity Interest in the Debtor, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder or entity accepted the Plan; (iv) any other party in interest; (v) any and all non-Debtor parties to Debtor executory contracts and unexpired leases; (vi) any person making an appearance in this case; (vii) any entity receiving notice of these Chapter 11 proceedings; and (viii) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or

guardians of the foregoing. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

26.    **Continued Existence of the Debtor.**  On the Effective Date, the Debtor shall continue to exist and operate its business in the ordinary course to make the payments called for in the Plan.

27.    **Debtor's Actions Post-Confirmation Through the Effective Date.**  During the period from entry of this Confirmation Order through and until the Effective Date, the Debtor shall continue to operate its business as a debtor in possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

28.    **Preservation of Causes of Action.**  The Debtor expressly reserves all rights to prosecute any and all of their respective causes of action against any person, except as expressly provided in the Plan.  Unless any causes of action are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, the Debtor expressly reserves all of its respective causes of action for later adjudication.

29.    **Executory Contracts and Leases.**  The Debtor has satisfied the requirements of Bankruptcy Code §§ 365(b)(1) and 365(f)(2).

30.    Entry of this Confirmation Order shall constitute approval of the assumptions and rejections provided for in the Plan, including any amendments agreed to by the Debtor during the Bankruptcy Case to any executory contracts or unexpired leases being assumed by the Debtor, pursuant to § 365(a) and 1123 of the Bankruptcy Code and a determination by the Court that the Debtor has provided adequate assurance of future performance under such assumed executory contracts and unexpired leases.

31.    **Administrative Claims.**   In accordance with Article IV, Section A of the Plan, all administrative expenses allowed under § 503 of the Bankruptcy Code will be paid consistent with sections 1129(a)(9)(A) or section 1191(e) of the Bankruptcy Code, including approved fees and expenses of Frances Smith, Subchapter V Trustee. Upon approval of the Trustee's fees and expenses, and after application of all funds the Trustee holds in trust, the Debtor shall pay out her remaining fees and expenses in equal monthly installments of $500 per month until she is paid in full. The first payment shall be due and payable on the 5th day of the first full month after any order of this Court approving the Trustee's fees and expenses has become final.

32.    **Discharge.**   On the Effective Date, Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by this Plan; (ii) excepted from discharge under 11 U.S.C. § 523 as provided by 11 U.S.C. § 1141(d)(2) if the Debtor is an individual; and (iii) to the extent provided in 11 U.S.C. § 1141(d)(6) if the Debtor is a corporation.

33.    **Retention of Jurisdiction.**   The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

34.    In accordance with the Bankruptcy Rules 2002 and 3020(c), not later than 10 business days after the Confirmation Order is final and no longer subject to appeal, the Debtor shall serve the notice of confirmation of the Plan and file and serve a notice of the Effective Date providing the specific date of the Effective Date.

35.    **Property of the Estate.**  Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors. If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

36.    **Substantial Consummation.** No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

37.    **Severability.**  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

38.    **Controlling Effect.** Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

39.    In the event of a conflict between the terms of this Confirmation Order and those of the Plan, the terms of this Confirmation Order shall control.

40.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. The 14-day automatic stay of Rule 3020(e) is waived.

###END OF ORDER###

**APPROVED AS TO FORM AND CONTENT AND
ENTRY REQUESTED:**

/s/ Robert K. Frisch
SBN: 07480500
15150 Preston Road Suite 240
Dallas, Texas 75248
 Tel:    (972) 386-3940
Email: Rkfrischlawl@msn.com
***Attorney for the Debtor, Southern Gourmet Kitchen, LLC***

Signed on 12/01/2025

*Brenda T. Rhoades*   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE